W. JONES, Justice,
concurring in part and dissenting in part.
I concur in the majority Opinion in all respects but for Section II A(4) in which the *604 majority vacates Draper’s conviction for conspiracy to commit first degree murder.
First, with respect to the remainder of the majority Opinion, I write separately only for the purpose of reconciling my dissent in State v. Windom, 150 Idaho 873, 253 P.3d 310 (2011), with the Court’s holding in Section II F(2) affirming Draper’s fixed life sentence for first degree murder. In Windom, I stated that the district court abused its discretion when it imposed a fixed-life sentence on a sixteen-year-old boy with a severe mental illness because an offender’s individual characteristics are, in my opinion, relevant to the reprehensibility of a crime, contrary to the majority’s holding in Windom that these individual characteristics need not be taken into consideration in determining reprehensibility. 150 Idaho at 883-85, 253 P.3d at 320-22. As I explained there, “[a] crime is less reprehensible — and therefore potentially less deserving of severe retribution — if the criminal has personally mitigating circumstances.” Id, at 884-85, 253 P.3d at 321-22. The Majority here analogizes this case to Windom and holds, consistent with the majority in Windom, that the nature of the crime alone is sufficient to support the fixed-life sentence. Under the facts of this particular case, I agree with the Court’s conclusion affirming the fixed-life sentence, but not
The district court’s imposition of a fixed-life sentence here is consistent with my dissent in Windom because, given Draper’s individual characteristics, the reprehensibility of this crime fully supports the fixed-life sentence. There are substantial and important differences between the facts of Windom and this case. The main similarity between the two cases is that both Draper and Windom were sixteen years of age and committed murder in a particularly heinous way: Draper by stabbing a friend to death with 37 stab wounds and Windom by beating his mother to death with a dumbbell. However, other than their respective ages at the time the crimes were committed, I do not find parallels in their individual characteristics such that I believe the district court abused its discretion in imposing a fixed-life sentence on Draper. Windom, on the other hand, had a psychotic disorder, paranoid schizophrenia, which caused him to kill his mother. Id. at 885-86, 253 P.3d at 322-23. Draper had no such psychotic disorder. The only evidence here relates to personality disorders, not psychosis.
In the present case, there is no evidence that Draper suffered from any pathological drive or desire that caused him to commit this crime. Rather, as shown in the video tape of Draper and his co-conspirator, Adamcik, the evidence shows that Draper murdered Stoddart in an attempt to achieve fame in the same manner as the Columbine killers. The facts here simply do not indicate that Draper, unlike Windom, killed as a result of a serious mental illness which can be properly treated. Indeed, the facts show that Draper killed to achieve fame by not only killing Stoddart, but also intending to kill individuals to exceed the number of deaths in the Columbine killings.
Also, in contrast to Draper, Windom reported his homicidal thoughts to authority figures and continually sought help for his mental illness weeks before the murder but was never taken seriously. Draper, on the other hand, secretly plotted and planned the murder of Cassie Stoddart days before the killing, which was to be a “tune up” or practice before other intended killings.
Because I believe that under these circumstances the reprehensibility of the crime fully supports the fixed life sentence imposed here, I agree with the Majority that there is no need to consider rehabilitation in this case and that Draper’s sentence was not an abuse of discretion and should be affirmed.
With respect to my dissent from the Majority’s vacation of the conspiracy conviction in Section IIA(4), I agree that there was error in the court’s instruction regarding the elements required to prove conspiracy but, unlike the Majority, I believe the error was harmless beyond a reasonable doubt and the verdict would have been the same regardless of the error. I fully understand the reasoning of the Majority on this issue, but I am unable to understand how a reasonable jury could possibly, under the facts of this ease, come to the conclusion that Cassie Stoddart’s murder was not the result of a conspiracy between Adamcik and Draper to commit it. *605 In my opinion, no reasonable person could possibly watch the video tapes in evidence showing Draper and Adamcik discussing and planning the murder and not find a conspiracy. There was also substantial evidence proving the joint actions of both Adamcik and Draper in burying the evidence and preparing an alibi to cover up their involvement in the crime. I would, therefore, affirm the conviction and sentence on the charge of conspiracy to commit first degree murder.